IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEONARD LOPEZ,

        Petitioner,

v.                                             CIV 00-1125 JC/KBM

LAWRENCE TAFOYA, Warden, et al.,

        Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Leonard Lopez' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, filed August 1, 2000, *Doc. 1,* and Respondents' Answer, *Doc. 11,* and Motion To Dismiss, *Doc. 12.* Having considered the arguments, pleadings, and relevant law, I find all but one issue procedurally defaulted and the sole cognizable issue without merit. Therefore, I recommend that the petition be denied.

### I.  Procedural Background

### A.  Trial Court Proceedings

A state grand jury returned a fourteen-count indictment against Petitioner charging him with multiple counts of:  possession with intent to distribute marijuana, methamphetamine and LSD; possession of drug paraphernalia; child abuse; being a felon in possession of a firearm; and resisting and officer. *Answer, Exh. C.*[1] After his trial attorney unsuccessfully pursued a motion to suppress search warrants, Petitioner entered a plea of no contest to all of the charges.

---

[1]  Unless otherwise noted, all citations to exhibits are those attached to Respondents' Answer.

After his plea, the trial court held a hearing on a supplemental information.[2]  During that

hearing, Petitioner attempted to withdraw his guilty plea *pro se*.  His attorney did not argue the

motion.  The trial judge denied the *pro se* request on the ground that the Court "previously

advised Defendant of the consequences of entering a No Contest plea to the charges, as well as

advising Defendant of the mandatory sentence associated with any prior felony convictions."

*Exh. C at 2*.  Although the trial judge invited defense counsel to file a written motion setting forth

the reasons for moving to withdraw, no such written motion was filed by counsel.  Subsequently,

the trial judge sentenced Petitioner to a total of forty-four years imprisonment.  *See Exhs. A, C*.

## B.  Direct Appeal

Petitioner was represented by a different attorney on appeal, who raised three issues in his

docketing statement.  After the New Mexico Court of Appeals issued its first proposed finding,

appellate counsel abandoned arguments that the trial court erred in denying the motion to

suppress and disallowing withdrawal of the plea.[3]  Instead, counsel pursued only the argument

---

[2]  The supplemental information presumably contained the prior convictions under which Petitioner received an enhanced sentence as a habitual offender.

[3]  Counsel first argued that the information presented by affidavit in support of the first warrant was not specific in its details or sufficient to establish that the confidential informant was reliable.  He also argued that a second warrant, which was based on information gathered under the first warrant was tainted "fruits."  *See Exh. C at 3-5*.  In its "proposed summary disposition," the New Mexico Court of Appeals analyzed this argument in detail.  *Exh. D at 1-3*.
In his second argument, counsel argued in conclusory fashion that the trial judge erred in denying Petitioner's motion to withdraw his plea.  *Exh. C at 4, 5*.  The Court of Appeals noted that Lopez offered no reasons why the ruling was erroneous.  The court "further propose[d] to hold that Defendant was properly advised as to the consequences of his plea before entering into it, and that Defendant may not withdraw his plea because he now believes it to have been unwise."  *Exh. D at 3*.  When counsel did not address the proposed disposition of these two issues in his memorandum in opposition, the Court deemed the issue abandoned.  *See State v. Martinez*, 97 N.M. 585, 586, 642 P.2d 188, 189 (Ct. App. 1982) (issue deemed abandoned where party fails to respond to the calendar notice's proposed summary affirmance of that issue).

that trial counsel was ineffective because she failed to offer any reasons at the hearing in support

of Petitioner's request to withdraw his plea and failed to file a written motion to withdraw the

plea after the court invited her to do so.  *Exh. C at 4.*

In its proposed summary affirmance, the Court of Appeals applied the standard set forth in

*Strickland v. Washington,* 466 U.S. 668 (1984).

> Defendant must therefore show both that a reasonably competent
> attorney would have made such a motion and that such a motion
> would have been successful. . . .  To the extent that Defendant
> implies that his motion to withdraw his plea was justified because
> the district court erred in denying his motion to suppress, we
> propose to disagree. . . .  Defendant fails to point to anything else in
> the record which would tend to show that either a written motion
> or oral reasons given to support the motion made in open court
> would have been successful.

*Exh. D at 4; see also supra fn. 3.*  Counsel objected to this proposed finding contending that the

utter failure of trial counsel to provide the court with a reason to withdraw a guilty plea:

(1) cannot be characterized as a tactical judgment; and (2) left Petitioner without a basis on appeal

to establish the prejudice prong of his ineffectiveness claim.  Appellate counsel did not, however,

offer any reason why the plea should have been withdrawn.

In its memorandum opinion, the Court of Appeals again rejected the argument because

Petitioner failed to meet his burden of proof on appeal:

> Defendant must . . . show what arguments a reasonably competent
> attorney would have made in support of his motion and that such
> arguments would have been successful. . . .  Defendant's counsel's
> failure to offer arguments in support of the motion was not
> ineffective assistance of counsel unless there were arguments to
> make which would have been successful. . . .  Defendant concedes
> there is no record of such arguments.  Moreover, Defendant fails to
> point to anything in the record which would support his motion to
> withdraw his plea, even though such arguments were not made

> below.  We see no hint in the record which would lead us to believe
> that good arguments existed which were not made.

Exh. F. at 2.  The New Mexico Supreme Court denied certiorari on a petition presenting only the

ineffectiveness of trial counsel claim. *See Exhs. G, H.*

### C.  State Habeas Action

Proceeding *pro se,* Petitioner pursued nine separately-numbered claims in state habeas.

Lopez not only resurrected the abandoned suppression issue and continued to press the ineffective

assistance of trial counsel argument, he also raised seven new issues. *See Exh. I.*[4]  Lopez

acknowledged that he was raising new issues, but he did not raise an independent claim of

ineffectiveness of appellate counsel for failure to bring those issues on direct appeal.[5]  It is not

---

[4]   Arranged topically, the claims as argued by Lopez were as follows:
*Discovery/Suppression Motions:*  the state was required to produce the confidential informant and the warrants should have been suppressed because the affidavit did not establish the reliability of the confidential informant or probable cause.  (Grounds 2, 4, 5).

*Ineffective Trial Counsel:*  trial counsel was ineffective because she failed to offer reasons in support of withdrawing the plea or file a motion to withdraw the plea.  (Grounds 3, 6, 7).

*Excessive Sentence:*  the sentence constituted cruel and unusual punishment because the sentences ran consecutively.  (Ground 8).

*Sufficiency of Evidence:*  the firearm belonged to Petitioner's father (Manuel Lopez) and was located in his brother-in-law's (Ernest Chavez') car.  Lopez asserted that he could not be convicted on the felon in possession charge because Mr. Chavez forgot to take the weapon out of the car before he lent the car to Petitioner.   (Grounds 8, 9).

*Grand Jury Indictment:*  the prosecutor failed to present the grand jury with all of the evidence above relating to the felon in possession of a firearm charge and, therefore, it could not have found all the elements required to return an indictment on these counts.  (Grounds 1, 9).

[5]  New Mexico's state habeas Rule 5-802(B)(5) requires that "if the claim has been raised in prior proceedings, [the petition must contain] a statement explaining why the ends of justice require consideration of the petition."   New Mexico's criminal form asks "Have the grounds being raised in this petition been raised previously in any other proceeding?  If so, explain the result.  If not, explain why not."  NM Crim. Form 9-701.  Petitioner responded that

> some were not raised this is the first time these issues for the first
> time.  On the previous proceedings all issues were not preserved in

clear from the record whether a responsive brief was filed.  *See Exh. K at 5, 14.*  The trial judge

summarily denied state habeas relief on procedural grounds.  His reasoning in its entirety stated:

> It plainly appears from the face of the Petition, the annexed
> exhibits, and the prior proceedings in the case in the case
> petitioner is not entitled to relief as a matter of law.  *Petitioner has
> failed to show why justice now requires consideration of those
> issues raised on direct appeal and why those matters not raised on
> direct appeal were not presented at that time.*

*Exh. J* (emphasis added).

### D.  Petition For Certiorari From Denial Of State Habeas Relief

In his petition for certiorari, Lopez again noted that his new claims had not been raised on

direct appeal but did not raise an independent ineffective assistance of appellate counsel claim.[6]

_____

> order to be heard by the court and this is the main reason why they
> are being address in order to make this petition a fact finder of law
> with the Court and moving up to the next court proceedings.  Some
> of the issues were not heard because the attorney fail to give any
> reasons to the court nor made any written explanation.

*Exh. K at 8*.

[6]  He noted that an evidentiary hearing had not been held, arguing that he

> was only exhausting his state remedies in order to preserve the
> issues and not have to go back because state remedies were not
> exhausted, but respondents ask the question why these issues being
> raised for the first time were not raised on direct appeal or why they
> were not presented at that time.  Had an evidentiary hearing been
> held the respondent could have had the opportunity to challenge the
> issues being presented to them.
> * * * * *
> The lower court denied petition without giving an evidentiary
> hearing . . . and summarily dismissed petition.  Petitioner was only
> trying to exhaust his state remedies in order to preserved the issues
> and not have to go back into state court, when Petitioner clearly
> states the issues being raised for the first time.

5

The same claims raised in his state habeas petition were set forth with some recast in

constitutional terms.[7]   Reading the petition as a whole, Lopez also sought to raise three

additional issues before the New Mexico Supreme Court.[8]  Certiorari was denied without

explanation.  *Exh. L.*

## II.  Analysis

### A.  The Claims in this Federal Habeas Action

In eight "grounds" set forth in this federal petition, Lopez raises all of the claims he raised

in his state habeas petition and in his petition for certiorari.  Respondents contend that with the

exception of the ineffective assistance of counsel trial claim raised on direct appeal, Petitioner's

claims are procedurally defaulted.

This Court "may not consider issues raised in a habeas petition that have been defaulted in

state court on an independent and adequate procedural ground, unless the petitioner can

demonstrate cause and prejudice or a fundamental miscarriage of justice."  *E.g., Medlock v.

Ward,* 200 F.3d 1314, 1323 (10th Cir.) (internal quotations omitted), *cert. denied,* 121 S. Ct. 197

---

*Exh. K at 5, 7.*

[7]   For example, among others, he asserted his grand jury issue as a denial of due process
and equal protection and his discovery/suppression issue as a denial of the "right" to a fair and
impartial judge and prosecutor. I do not find that this changed the nature of the claims.

[8]  Lopez argued that: (1) the trial judge failed to fully inform him of the "charges" as
required by the rules for taking pleas, (2) his trial attorney was ineffective because she failed to
explain procedures relating to sentencing; and (3) all of the "elements" of child abuse were not
presented to the grand jury.  As I read his pleading, Lopez did not argue that he misunderstood
the nature of the charges or potential sentence for those charges.  Rather, the three new claims
were premised on the grand jury's issuance of one indictment for the same types of offenses
committed on separate dates.  Petitioner seems to contend that this "combination" of charges
could have potentially led to some confusion.  *Exh. K at 13.*

(2000).  In New Mexico, claims not raised on direct appeal are waived and this rule constitutes an "adequate" state ground.  *E.g., Jackson v. Shanks,* 143 F.3d 1313, 1318 (10th Cir.), *cert. denied*, 525 U.S. 950 (1998); *State v. Gillihan,* 86 N.M. 439, 440, 524 P.2d 1335, 1336 (1974).

Petitioner argues that ineffectiveness of his appellate attorney was the cause of the default because his attorney abandoned two issues on direct appeal and failed to raise the other arguments Petitioner addressed in his post-conviction proceedings.  *See Doc. 14.*  Respondents neither address the merits of the exhausted and preserved trial counsel ineffectiveness claim nor respond to Petitioner's assertion that any procedural default resulted from appellate attorney ineffectiveness.[9]

Although ineffective assistance of appellate counsel can be considered as a basis for "cause," that ineffectiveness claim must *also* have been exhausted in the state courts.  *Edwards v. Carpenter*, 529 U.S. 446, 451-452 (2000); *Murray v. Carrier,* 477 U.S. 478, 489 (1986).  If it was not raised in the state courts, the federal petition is technically unexhausted, and the federal court must determine whether Petitioner could proceed with a second state habeas petition or whether the claim itself would now be procedurally barred.  *See e.g., Edwards,* 529 U.S. at 453.

**B.  Claims First Raised In State Habeas Petition Are Procedurally Defaulted**

With respect to the seven new issues Petitioner raised in his state habeas petition, the state court clearly and expressly invoked the adequate state procedural waiver rule for "failure to raise on direct appeal."  It denied the petition solely on the procedural ground and did not address the issues on the merits.  Therefore, the state decision was also "independent" of federal law.  *E.g.,*

---

[9]  The pleading in which Petitioner argues appellate attorney ineffectiveness as cause contains a certificate of service, but it is not clear whether Respondents' attorney received a copy.

*Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir.), *cert. denied,* 514 U.S. 1115 (1995).

Petitioner explained that he was raising the new issues because they were not pursued on direct appeal, but he did not assert a claim of ineffectiveness against his appellate attorney as he continued to do against his trial attorney.  Although it is not necessary for a *pro se* litigant to "cite book and verse on the constitution" in order to present a constitutional claim, *Nichols v. Sullivan,* 867 F.2d 1250, 1255 (10th Cir.), *cert. denied,* 490 U.S. 1112 (1989), "[f]air presentation mandates that the federal claim be presented face-up and squarely. . . . [o]blique references which hint that a theory may be lurking in the woodwork will not suffice," *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir. 2000), *cert. denied,* ___ S.Ct. ___, 2001 WL 178269 (2/26/01).  I find that the "ineffective appellate counsel as cause for procedural default" issue was not fairly presented to the state courts as an independent constitutional claim.

This Court must determine whether any further state avenues exist in which to pursue the constitutional claim.  Without citation to state authority, Respondents argue that "there is no mechanism by which [an unexhausted] claim can now be properly addressed in state court."  *Doc. 13 at 3.*  Apparently they rely on the state procedural rule that a claims not raised in a first state habeas are waived in a successive one.  *See Gillihan,* 86 N.M. at 440 ("we will not consider grounds asserted in a second or successive Rule 93 proceeding which could have been, but were not, asserted in a prior Rule 93 proceeding.  Such grounds omitted in the prior proceedings are deemed waived.").

It thus appears that Petitioner would be barred from raising his "ineffectiveness as cause"

for default claim under this state procedural rule.[10]  In *Harris v. Williams,* CIV 99-443 LH/LFG, District Judge C. LeRoy Hansen did not permit a petitioner to file a second state petition to raise an unexhausted claim.  He agreed with Magistrate Judge Lorenzo F. Garcia that *Gillihan* barred raising successive habeas claims and that petitioner could not pursue a second state habeas petition under New Mexico's narrow "fundamental fairness"exception to the procedural bar. *Harris*, CIV 99-443 *at Docs. 17* (4/5/00) *and 19* (5/9/00)[11]; see also *Wiggins v. Moriarty,* 145 F.3d 1347, 1998 WL 244028 (10th Cir. 1998) (unpublished).

In *State v. Lucero,* 116 N.M. 450, 453, 863 P.2d 1071, 1074 (1993), the State Supreme Court elaborated on New Mexico's "fundamental fairness exception.

> "The rule of fundamental error applies only if there has been a miscarriage of justice, if the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or if substantial justice has not been done.  The doctrine of fundamental error is to be applied only under exceptional circumstances and solely to prevent a miscarriage of justice.  The doctrine of fundamental error is to be resorted to in criminal cases only for the protection of those whose innocence appears indisputably, or open to such question that it would shock the conscience to permit the conviction to stand."

*Id.* at 453 (citations omitted).  Given these standards, I likewise find that none of the new claims

---

[10]  The Tenth Circuit has refused to enforce such a default where, unlike here, the state court did not actually rely on the rule.  *See Jackson,* 143 F.3d at 1319.  The Tenth Circuit has held that an Oklahoma procedural rule barring petitioners from raising a claim of ineffective assistance of counsel in a second application for post-conviction relief constitutes an independent and adequate state procedural bar.  *See Beavers v. Saffle,* 216 F.3d 918, 923 (10th Cir. 2000).

[11]  Judge Hansen's decision in *Harris* was recently affirmed in an unpublished decision. *Harris v. Williams,* 2001 WL 201962 (10th Cir. 2/28/01) ("Mr. Harris requested 'leave to exhaust state remedies' from the district court. . . .  The district court denied this request. . . .  New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding.").

raised by Petitioner in his state habeas petition or his "ineffectiveness as cause for default" claim also would qualify under New Mexico's "fundamental fairness" exception to the waiver rule.

The inquiry is not complete, however.  I must also analyze whether, as a matter of federal law, the Court may excuse the procedural defaults and address the new claims.  Petitioner must first show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule."  *Murray,* 477 U.S. at 488; *see also e.g., Shayesteh v. City of South Salt Lake,* 217 F.3d 1281, 1283 (10th Cir. 2000), *cert. denied,* ___ S. Ct. ___ , 2001 WL 138194 (2/20/01); *Maes,* 46 F.3d at 987.  The Tenth Circuit has held that cause of this sort might be established when a prisoner does not have access to or notice of state procedures.  *See Dulin v. Cook,* 957 F.2d 758, 760 (10th Cir. 1992).  However, a "basic ignorance of the rules or law" will not suffice.  *Watson v. New Mexico,* 45 F.3d 385, 388 (10th  Cir. 1995).

Here, Petitioner does not assert that he did not have notice of or access to the state habeas procedures for raising constitutional claims.  Indeed, the record establishes otherwise.  That alone is sufficient to find he has failed to sustain his burden in this regard and I need not consider the prejudice element of the test.  *See Engle v. Isaac,* 456 U.S. 107, 134 n. 43 (1982).  Accordingly, I find that the new issues raised in his state habeas petition are procedurally defaulted and cannot be reviewed in federal habeas.  *E.g., Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991).

## C.  New Issues First Raised In Petition For Certiorari

Petitioner attempted to raise three new issues in the New Mexico Supreme Court on his petition for certiorari.  However, only jurisdictional issues can be raised for the first time in a petition for certiorari – other issues are waived.  *See New Mexico Livestock v. Dose,* 94 N.M. 68, 71, 607 P.2d 606, 609 (1980).  Although Petitioner attempted to exhaust these issues by raising

10

them for the first time in his petition for certiorari, they were this not "properly presented" and, for the reasons above, cannot now be raised in subsequent state proceedings. *See Parkhurst v. Shilinger,* 128 F.3d 1366, 1370 (10th Cir. 1997). Accordingly, these issues are procedurally defaulted as well.

### D.  Fourth Amendment Issue Is Not Cognizable

Even if the abandoned and resurrected Fourth Amendment issue is not procedurally barred, it nevertheless is not cognizable in federal habeas where, as here, Petitioner was provided a hearing on his motion to suppress and the issue was considered on the merits on direct appeal. *Stone v. Powell,* 428 U.S. 465, 494 (1976) ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *see also e.g., Smallwood v. Gibson,* 191 F.3d 1257, 1265 (10th Cir. 1999), *cert. denied,* 121 S. Ct. 88 (2000).

### E.  Ineffective Assistance of Trial Counsel

Petitioner's argument on direct appeal and in his post-conviction proceeding was that trial counsel's failure to argue or file a motion in support of his request to withdraw his plea alone constituted ineffective assistance. This argument is without merit. An "attorney's decision whether to file a written brief on a given motion is strategic." *Coleman v. Brown,* 802 F.2d 1227, 1234 (10th Cir. 1986), *cert. denied,* 482 U.S. 909 (1987). Moreover, an "attorney's decision not to file all motions requested by his clients [is] not ineffective assistance of counsel. Effective assistance does not demand that every possible motion be filed, but only those having a solid foundation." *United States v. Afflerbach,* 754 F.2d 866, 870 (10th Cir.) (internal citations and

quotations omitted), *cert. denied,* 472 U.S. 1029 (1985); *see also State v. French,* 92 N.M. 94, 96, 582 P.2d 1307, 1309 (Ct. App. 1978) (failing to "advocate the motion to withdraw the guilty pleas, which was based on a nonexistent fact, does not show ineffective assistance of counsel); *see also State v. Franklin,* 78 N.M. 127, 428 P.2d 982 (1967).

The state courts found that Petitioner had come forward with no reason why a motion to withdraw the guilty plea could have been successful.  Lopez apparently now contends that his plea was not "voluntary" because the indictment contained several counts charging commission of the same offense at different times.  Again, this argument was not raised until his petition for certiorari and for the reasons stated above is procedurally defaulted.  Alternatively, as noted above, Petitioner does not argue that he did not understand the charges or potential sentence.  Rather, he is arguing that there was "confusion" because offenses occurring on one date were charged with offenses occurring on another date.  I find this contention frivolous.

I also note find the state court made a factual finding that the plea was voluntary.  In his docketing statement to the Court of Appeals, appellate counsel noted that in denying the motion to withdraw, the trial judge "stated that it had previously advised Defendant of the consequences of entering a No Contest plea to the charges, as well as advising Defendant of the mandatory sentence associated with any prior felony convictions."  *Exh. C at 2.*  The Court of Appeals also found that "Defendant was properly advised as to the consequences of his plea before entering into it."  *See supra fn 3.*  Accordingly, trial counsel was not ineffective and Petitioner's new arguments concerning the "voluntariness" of his plea are procedurally defaulted and without merit.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss *(Doc. 12)* be granted and the petition be denied in part as procedurally-barred and in part as without merit.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period  if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE